Ex parte Guzmán, Petitioner and Appellant.

Appeal from the District Court of Humacao in Administration Proceedings.

No. 3037.—Decided November 15, 1923.

Property of Minors—Mortgage—Proceeds—Deposit—Investment.—An order of a district court that the proceeds of a mortgage belonging to minors and

collected by their father be deposited for investment with the court's permission after hearing the district attorney, is in accordance with the provisions of section 229 of the Civil Code and section 82 of the Special Legal Proceedings Act.

The facts are stated in the opinion.

*Mr. F. González* for the appellant.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Julio D. Guzmán, with *patria potestas* over his minor unemancipated children José Antonio and Julia María Guzmán Pérez, petitioned the District Court of Humacao for authorization to collect $3,000 belonging to his children and cancel a certain mortgage that secured the payment of the said $3,000.

The district attorney informed the court that he had no objection to the granting of the said authorization, provided that the money should be deposited in the court or in some banking institution in the name of the minors, to be invested with the permission of the court after hearing the district attorney. The evidence was heard and the court decided accordingly, ordering that the money be deposited in the savings department of the Roig Commercial Bank of Humacao, P. R., to be invested with the permission of the court after hearing the district attorney.

The petitioner took the present appeal and in his brief argues as follows:

"Without doubt the court based its decision upon section 82 of the Special Legal Proceedings Act, as amended in 1911, which provides that whenever the judge authorizes the petitioner to execute any act or contract whereby the minor or incapacitated person is to receive money or any other values, the decision shall determine the manner in which the placing or investment of the thing acquired shall be made; but this section has not the scope given to it by the district judge and can not be construed alone without taking into consideration the provisions of the Civil Code referring to *patria potestas*. It should be borne in mind that this section refers to a case in which a minor parts with something that belongs to him,

and the law wisely and with foresight determines that the proceeds shall be invested; but in this case, although it involves the cancellation of a mortgage which, technically speaking, amounts to the alienation of a property right, it is no less true that the purpose is the collection of a debt owed to the minors and the recovery of something that belonged to them; therefore, it may be said that they obtain nothing by virtue of the order of the court.''

The petitioner then cites sections 224, 225, 228, 490 and 491 of the Civil Code in support of the proposition that the status of a father, under both the natural and the positive law, is different from that of a guardian.

Section 80 of the Special Legal Proceedings Act of 1905, as amended in 1911 (Comp. 1911, p. 313), provides that ''In all cases where, according to the provisions of the Civil Code, the parents or the tutor of a minor or incapacitated person, shall be in need of judicial authorization to do anything relative to the keeping of said minor or incapacitated person or of his property, a petition shall be filed with the district court of competent jurisdiction,   *   *   *'' and then specifies what the petition shall set forth and the procedure to be followed, section 82 prescribing that ''*Whenever.* the judge should authorize the petitioner to execute any act or contract whereby the minor or incapacitated person is to receive money or any other values, the decision shall determine the manner in which the placing or investment of the thing acquired shall be made and it shall be the duty of the district attorney to see, as he may deem best, that the judicial decision be complied with.''   (Italics ours.)

Section 229 of the Civil Code provides that ''The exercise of the 'patria potestas' does not authorize the father nor the mother to alienate or lay any encumbrance upon real property of any class whatever or upon personal property, the value of which exceeds five hundred dollars, pertaining to the child and which may be under the administration of its parents, without the previous authorization of the district

court wherein the property is situate and the demonstration of the necessity and utility of the alienation or encumbrance and in conformity with the provisions of sections 80, 81 and 82 of an act relative to special legal proceedings."

Is this a case involving the alienation of real property? We think it is. The appellant himself so admitted when he petitioned the district court for the authorization. A credit secured by mortgage has been considered in many cases as real property, and the cancellation of the lien as an act of alienation. On this point there is no question. The appellant complains of the condition imposed by the court.

The minors in this case are the owners of a credit secured by mortgage. After the authorization is granted and the mortgage is cancelled the minors will receive money. The case falls clearly within the statute, which does not distinguish between a father and a guardian. When the law makes no distinction this court should make none. The purpose of the law is that the money shall be reinvested under equal or better conditions for the benefit of the minors, unless is should be absolutely necessary to use it in whole or in part for the benefit of the minors.

The application made by the district court of the statutory law in force is not contrary to the natural law. It is in conformity with human nature that parents not only love their children and protect their interests, but even make real sacrifices for them; yet taking into account natural human weakness, the laws have always attempted to safeguard the property of minors, whether it be managed by their parents or by others.

The order appealed from must be

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.